United States District Court
for the
Southern District of Florida

| Robert A. Heghmann, Beatrice M. Heghmann, Plaintiffs, | ) ) ) | |
|---|---|---|
| v. | ) ) ) | Civil Action No. 19-22167-Civ-Scola |
| Bank of America, and others, Defendants. | | |

### Order on the Defendants' Motions to Dismiss

This matter is before the Court on the Defendant Bank of America, N.A.'s motion to dismiss (ECF No. 18) and the Defendant TD Bank, N.A.'s motion to dismiss (ECF No. 21). After a review of the parties' submissions, the record, and the applicable case law, the Court **grants** the Defendants' motions to dismiss (**ECF No. 18, 21**).

1. **Background**

The Plaintiffs, Robert Heghmann and Beatrice Heghmann, a married couple, filed suit against Bank of America and TD Bank.[1] The Heghmanns allege that their action arises out of violations of two automatic stays under 11 U.S.C. § 362(a), (k) and 11 U.S.C. § 1301, that were in place due to their respective bankruptcy cases. (ECF No 1 at ¶ 2.) According to the complaint, "[t]hose creditors and citizens who violated the automatic stay and have failed to undue the damage resulting from their violation maintain accounts at Bank of America" and "at T.D. Bank" (ECF No. 1 at ¶¶ 4, 6.) The complaint fails to name the creditors who violated the stay, state which specific bankruptcy cases are at issue, specify when and where this conduct occurred or how the Defendants violated the automatic stay.

2. **Legal Standard**

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading

---

[1] The Heghmanns also sued Citizens Bank and People's United Bank, but it failed to serve those Defendants, and they were dismissed accordingly. (ECF No. 17.)

standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-has-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

### 3. Analysis

A court has the discretion to dismiss a complaint for failure to comply with the pleading rules. *Heard v. Nix*, 170 F. App'x 618, 619-20 (11th Cir. 2006). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Here, the complaint does not allege any facts that show how Bank of America and TD Bank violated the automatic stay or how the Heghmanns are entitled to relief from the Defendants. Indeed, the complaint alleges that unnamed "creditors and citizens" violated the automatic stay, and the only link to the banks is that those creditors and citizens have accounts at the banks.

Bankruptcy Code section 362(k) provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including the costs and attorneys' fees, and, in the appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k). A violation of the automatic stay is willful if "the violator (1) knew of the automatic stay and (2) intentionally committed the violative act, regardless whether the violator specifically intended to violate the stay." *In re Govero*, 439 B.R. 917, 921 (Bankr. S.D. Fla. 2010). The Heghmanns have not pled facts that demonstrate that Bank of America or TD Bank willfully violated the stay, or that they violated the stay at all. All that is alleged is that the unnamed violators have bank accounts with the Defendants. These allegations are grossly insufficient.

"In the case of a pro se action, the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, "[i]t is not the duty of federal courts to try to second guess the meanings of statements and intentions of [the plaintiff]. Rather the duty is upon the individual who asserts a [claim] to come forth with a statement of sufficient clarity and sufficient supporting facts to enable a court to understand his argument and to render a decision on the matter." *Nail v. Slayton*, 353 F. Supp. 1013, 1019 (W.D. Va. 1972). Although the Court liberally construed the Plaintiffs' claim as required by the caselaw, the complaint still falls short of the more lenient standard because the Plaintiffs did not include enough facts in their complaint to enable the Court to understand their claim.

Plaintiffs allege additional factual information in their response to the Defendants' motion to dismiss. (ECF No. 20). This information cannot be considered because the Court's scope of review on a motion to dismiss is limited to the four corners of the complaint. *See St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002); *Valdes v. Fisher Safety*, 2012 WL 1405686, *2 (S.D. Fla. Apr. 23, 2012) (the Court cannot consider additional facts from response to motion to dismiss that are not alleged in the complaint). But even assuming the Court considered these new factual allegations, for the reasons previously stated, they do not provide the necessary factual underpinning to successfully allege that the banks willfully violated the automatic stay.

### 4. Conclusion

In sum, the Court **grants** Bank of America's motion to dismiss without prejudice (**ECF No. 18**), and it also **grants** TD Bank's motion to dismiss without prejudice (**ECF No. 21**). The clerk shall administratively **close** this case. Any other pending motions are **denied as moot**.

**Done and ordered** at Miami, Florida, on October 28, 2019.

Robert N. Scola, Jr.
United States District Judge